**WASHINGTON SQUARE SECURITIES, INC.,**
Plaintiff,

v.

**Doris M. HICKS, et al., Defendants.**

**Doris M. Hicks, et al., Plaintiff,**

v.

**Washington Square Securities, Inc., Defendant.**

Nos. C2–02–846, C1–02–547.

United States District Court, S.D. Ohio, Eastern Division.

June 11, 2003.

Jonathan W. Philipp, Esq., Janik & Dorman, L.L.P., Cleveland, OH, for Plaintiff, Washington Square Securities, Inc.

Joel A. Goodman, Esq., Stephen Krosschell, Esq., Clearwater, FL, for Defendants, Doris M. Hicks, et al.

## MEMORANDUM & ORDER

HOLSCHUH, District Judge.

This matter is before the Court on the parties' cross-motions to stay/compel arbitration before the National Association of Securities Dealers ("NASD") (Docket Nos. 1 and 10 in C2–02–846; Docket No. 1 in C1–02–547). The sole issue in this case is whether the substantive controversy between the parties falls within the scope of the NASD arbitration rules.

### I. Background

In December of 2001, Doris Hicks and Norma McClung, individually and on behalf of Elwood McClung, Joyce Rodgers, and Ruth Steinhauer (the "Hicks Plaintiffs"), filed a Statement of Claim before the National Association of Securities Dealers seeking arbitration of a dispute alleging that Washington Square Securities, Inc. ("Washington Square"), through its registered representative, Mr. Bari Lee Courts, sold fraudulent and unregistered

investments in ETS Payphones, Inc. ("ETS") to the Hicks Plaintiffs in violation of state and federal law, without adequate investigation or supervision of its representative and through misstatements and omissions of material facts. Washington Square refuses to submit to arbitration, arguing (1) that the sale and lease of payphones is not a "security;" and (2) that the Hicks Plaintiffs were never its customers, and therefore no contractual agreement exists between the parties that would bind them to arbitrate this dispute. The sole issue in this case is a legal one: namely whether the Hicks Plaintiffs' asserted claims fall within the scope of NASD arbitration.

## II. Discussion

The Court notes that this identical legal issue has just recently been decided by the district court for the Northern District of Ohio in a case with facts virtually identical to those in the current action. *See Jefferson Pilot Securities Corp. v. Blankenship,* 257 F.Supp.2d 962 (N.D.Ohio 2003)(Nugent, District J.). In *Jefferson Pilot,* the claimants sought arbitration before the NASD alleging that Jefferson Pilot, through its registered representative, sold fraudulent and unregistered investments in ETS and another company in violation of state and federal law. Jefferson Pilot, like Washington Square in the current case, sought to stay the arbitration before the NASD contending that the asserted claims were not within the scope of NASD arbitration, because the claimants were not its customers and the payphone investments were not "securities." *Id.* at 962.[1]

Presented with the task of interpreting the relevant sections of the NASD Code of Arbitration Procedure, Judge Nugent held

that the claims asserted against Jefferson Pilot fell within the scope of NASD arbitration pursuant to both the language of the NASD Rules, and the reasoning of the Sixth Circuit Court of Appeals in *Vestax Sec. Corp. v. McWood,* 280 F.3d 1078, 1081 (6th Cir.2002). Specifically, Judge Nugent found that:

> [i]n its section entitled "Matters Eligible for Submission," The NASD Code of Arbitration Procedure provides for the arbitration of certain disputes. It states as follows:
>
> > This Code...is prescribed and adopted...for the arbitration of any dispute, claim, or controversy arising out of or in connection with the business of any member of the Association, or arising out of the employment or termination of employment of associated person(s) with any member, with the exception of disputes involving the insurance business of any member which is also an insurance company: (a) between or among members; (b) between or among members and associated persons; (c) between or among members or associated persons and public customers, or others....
>
> NASD Code of Arbitration Procedure, Rule 10101. Moreover, the NASD's Uniform Code of Arbitration, under "Required Submissions," provides the following:
>
> > Any dispute, claim, or controversy eligible for submission under the Rule 10100 Series [above] between a customer and a member and/or associated person arising in connection with the business of such member or in connection with the activities of such

---

1. The fact that the identical arguments have been presented in both cases is not surprising given that the attorneys involved in the current action are the same attorneys involved in

the *Jefferson Pilot* case; namely Joel A. Goodman of Clearwater, Florida for the claimants, and the Cleveland law firm Janik & Dorman, L.L.P. for the securities company.

associated persons shall be arbitrated under this Code, as provided by any duly executed and enforceable written agreement or upon the demand of the customer. . . .

NASD Uniform Code of Arbitration, Rule 10301.

The Sixth Circuit has held that even in the absence of a "direct transactional relationship" with an NASD-member firm, the NASD Code of Arbitration Procedure "creates the right of parties to compel" such firm to arbitrate, in accordance with Rule 10301, as recited above. *Vestax Sec. Corp. v. McWood,* 280 F.3d 1078, 1081 (6th Cir.2002). The *Vestax* Court determined that there are two conditions that must be satisfied in order to trigger the NASD arbitration requirement: (1) the claim must involve a dispute between either an NASD-member and a customer, or an associated person and a customer; and (2) the dispute must arise in connection with the activities of the member or in connection with the business activities of the associated person. *Vestax,* 280 F.3d at 1081.

Cognizant of the requirement that the dispute at issue must arise out of, or be in connection with, the activities of the NASD member or in connection with the business of the associated person, in accordance with Rule 10301, the Sixth Circuit concluded that " '[a] dispute that arises from a firm's lack of supervision over its brokers arises in connection with its business.' " *Vestax* 280 F.3d at 1082 (*quoting John Hancock Life Insurance Co. v. Wilson,* 254 F.3d 48, 58–59 (2d Cir.2001)). Additionally, citing *Oppenheimer & Co. v. Neidhardt,* 56 F.3d 352, 357 (2d Cir.1995), the Sixth Circuit accepted the proposition that when an investor deals with an agent or representative, the investor deals with the member, and on that basis the investor is entitled to arbitration of any dispute that arises out of that relationship. *Vestax,* 280 F.3d at 1082 (*citing Oppenheimer,* 56 F.3d at 357).

In this case, Defendants allege, among other things, that Jefferson Pilot negligently supervised its representative, Mr. Rudolph. The Sixth Circuit has held that a brokerage firm's business includes the supervision of its registered representatives. *Vestax,* 280 F.3d 1078, 1082. Because Defendants' claims arise in connection with one of Jefferson Pilot's representatives, the claims arise in connection with Jefferson Pilot's business. While Plaintiff argues that *Vestax* does not apply to the instant matter because the dispute in *Vestax* concerned securities, and Plaintiff contends that the ETS investment at issue herein is not securities related, this Court finds that such argument is not dispositive of the issue. In liberally construing the matter in favor of arbitration, this Court cannot say with positive assurance that the arbitration provision at issue "is not susceptible of an interpretation that covers the asserted dispute." *AT & T Tech., Inc. [v. Communications Workers of America],* 475 U.S. [643] at 650, 106 S.Ct. 1415, 89 L.Ed.2d 648 [ (1986) ].

*Jefferson Pilot,* at 965–66.

This Court is persuaded by Judge Nugent's resolution of the arbitrability question in the *Jefferson Pilot* case.[2] Given that the factual and legal posture of this case are materially identical to the *Jefferson Pilot* case, the Court hereby adopts the reasoning set forth therein, and accordingly finds that the Hicks Plaintiffs' claims are arbitrable before the NASD.

---

**2.** Judge Nugent's decision has been appealed to the Sixth Circuit, *see Jefferson Pilot v.* *Blankenship, et al.,* No. 03–3709 (6th Cir. filed May 19, 2003).

### III. Conclusion

In light of the foregoing, the Court hereby **GRANTS** the Hicks Plaintiffs' Motions to Compel Arbitration in the above-captioned consolidated cases (Docket No. 10 in C2–02–846; Docket No. 1 in C1–02–547), and **DENIES** Washington Square's Motion to Stay Arbitration (Docket No. 1 in C2–02–846). The Clerk is directed to enter final judgment in favor of the Hicks Plaintiffs in this matter.

**IT IS SO ORDERED.**